WILLARD v. DECATUR & *Trustee.*

A receiver, appointed in a proceeding in equity to wind up a partnership, may be charged as the trustee of one of the partners for money, belonging to such partner, remaining in his hands after the termination of the equity proceedings.

FOREIGN ATTACHMENT. Decatur, the principal defendant, and one Sullivan, being partners, Decatur filed a bill in equity against Sullivan for a dissolution of the partnership and a settlement of the partnership business, and the trustee was appointed a receiver to take possession of, hold, and collect the partnership property and effects during the pendency of the bill in equity. Upon the termination of the equity suit, it was adjudged that there was a balance due from Sullivan to Decatur, and that a portion of the funds in the hands of the trustee belonged to him. The question is reserved whether the trustee is chargeable.

*D. P. & D. L. Perkins*, for the plaintiff.

*Sulloway & Topliff*, for the trustee.

CLARK, J. A creditor of an individual partner may avail himself of the interest of such partner in the partnership funds by proceedings in equity to wind up the partnership affairs. *Treadwell* v. *Brown*, 41 N. H. 12. In the present case the partnership affairs have been adjusted, and the trustee holds in his hands money adjudged to belong to the principal defendant. The proceedings in the equity suit cannot be embarrassed by the trustee process. Our statute, authorizing the attachment of the goods, chattels, rights, and credits of the principal defendant in the hands and possession of a trustee, has been held to be sufficiently broad to charge administrators, executors, guardians of insane persons, after settlement of their accounts, and sheriffs for money collected on execution in favor of the principal defendant; and we see no reason why the trustee should not be charged in this case. *Palmer* v. *Noyes*,

45 N. H. 174; *Adams* v. *Barrett,* 2 N. H. 374; *Davis* v. *Drew,* 6 N. H. 399, 400; *Woodbridge* v. *Morse,* 5 N. H. 519.

*Trustee charged.*

STANLEY, J., did not sit: the others concurred.